(November 9, 1961)

MELVIN KAUFMAN et al., Appellants, v. ISAAC LEVITAN, Respondent.—

Defendant is a statutory tenant in plaintiffs' building. On November 30, 1960, plaintiffs sent defendant by registered mail an offer to enter into a lease for two years from January 1, 1961, at $210 a month, and a copy of the proposed lease was enclosed. The rent provided was the emergency rent for the space in question. It is conceded that the

terms of the proposed lease were substantially in accord with the terms of the last prior lease for the space. On the expiration day of the 20-day period provided in section 8 (subd. [gg], par. [2]) of the Emergency Commercial Space Rent Control Law, defendant's attorney sent a letter to plaintiffs in which he questioned whether the proposed lease was substantially similar to the prior lease, and offered on behalf of his client to execute a lease that was substantially similar. The defendant raised two points. The first was that the proposed lease had not been executed by the plaintiffs. The point has no merit, as the statutory requirement is that the landlord must offer to enter into a lease, which requirement was met. Defendant's second point is that he did in effect execute the lease, and he relies upon the letter of the attorney. This letter falls far short of the execution of a lease. There is no writing signed by the party sought to be held, nor is there an unqualified agreement to execute the lease that was proffered. Actually, defendant's offer was to execute some other form of lease, which form had not then been determined. No issue is presented and summary judgment should follow. Concur — McNally, Stevens and Steuer, JJ.; Rabin, J. P., and Valente, J., dissent in the following memorandum by Valente, J.: I dissent and would affirm the denial of summary judgment. Section 8 (subd. [gg], par. [2]) of the Emergency Commercial Rent Control Law provides for decontrol if the tenant, to whom the landlord has made an offer of a two-year lease, "fails, neglects or refuses to execute such lease within such period of twenty days". There is triable issue here as to whether the letter sent by the tenant's attorney within the 20-day period constituted a refusal to enter into the proffered lease. The response to the landlord's communication — enclosing a proposed lease — must be judged in the light of the actual intent of the tenant and his good faith in questioning whether the proffered lease was similar to the last lease, which had expired in 1953. In the letter, dated December 16, 1960, the tenant expressed disbelief that the lease proposed was on the same terms as the last pre-existing lease, and asked the landlord to submit a photostat of the last lease for comparison purposes. It is not denied that the plaintiffs failed to furnish a copy of the old lease until March 17, 1961. If the tenant's letter was sent in good faith it represented a consent to enter into the proposed lease if it contained similar terms and conditions as the existing lease. It should not be held, as a matter of law, that the tenant's response was a refusal to enter into the new lease. The exercise of good faith is implicit in the requirements of the statute; and the issue of good faith is one of fact which must await a trial. By the same token, not only do the tenant's good faith and intent pose triable issues, but, in addition, there remains the appraisal of the landlord's good faith in view of the landlord's procrastination and omission in sending the information requested by the tenant to make the necessary comparison between the leases. Settle order on notice.